Whitby *v.* Armour.

4L 683
7L 469

DAVID WHITBY et als. *v.* JOHN D. ARMOUR et als.

STATUTE OF LIMITATIONS. *Vendor and vendee.* The rule that the statute of limitations will not bar the vendor's lien for purchase money is confined in its application to the vendor and vendee, and will not affect the intervening rights of innocent third parties.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

GEORGE GILLHAM for Complainants.

W. M. RANDOLPH for Defendants.

TURNEY, J. delivered the opinion of the Court.

In 1843, John Whitby died, the owner of real

estate in the city of Memphis. In 1854, the heirs filed a bill for its sale. A decree of sale for a part was obtained in February, 1858. A second decree of sale in the same proceedings was obtained in 1859, for what was then known as lot No. 6. The sale was had the 3rd of November, 1859. Armour became the purchaser, paying part in cash and executing his two notes for three hundred dollars each, due respectively in November, 1860, and November, 1861. In 1866, 1868 and 1869, he sold said lot in parcels to different purchasers.

The decree in Chancery retained a lien for the purchase money.

This bill was filed in November, 1875, to enforce the lien, and charges that the notes are lost. It further charges: "Complainants state, as will be seen by reference to the proceedings therein, in 1867, though there was nothing whatever to be done in said cause except to collect the unpaid purchase money for said lot No. 6, an order was entered upon the minutes of this Honorable Court requiring complainants therein to speed the said cause by the next term of this Court. At which next term, nothing having been done by complainants, some of whom were infants at the time, the cause was ordered to be dismissed."

While, by the rulings of this Court, no statute of limitations will obtain to bar the vendor's lien for the purchase money, this rule must be generally confined in its application to vendor and ven-

dee, and will not affect the intervening rights of innocent third persons.

Here we have a lapse of fourteen years from the maturity of the last note to the first step taken for collection, and according to the allegations of the bill, three several private sales of the property and a dedication of parts of it for public streets in the city, during periods of from more than six to upwards of nine years, and all, except one sale of a small fraction, over seven years before the filing of this bill.

Other questions aside, the sub-purchasers, holding possession for seven years, have acquired a good title.

The facts made by the bill show that complainants have, by their *laches*, lost any lien they may have had upon the property.

As appears from these facts, the complainants were especially and peremptorily invited to "speed the cause," and were given to the subsequent term to do so. They say there was nothing to be done except collect this purchase money, and yet they to decline to further prosecute, and for such failure, the cause is dismissed, there not being so much as a suggestion that the purchase money, or any part of it, was unpaid.

In the decree of dismissal they acquiesced for eight years before bringing this suit.

If, after this decree of dismissal, one proposing to buy, undertake to investigate the title of the proposed vendor, shall find the final decree taking

the cause out of Court, the natural and reasonable conclusion must be that everything necessary to the consummation of the sale to, and perfection of title in the vendee in Chancery has been done; that the finishing touch and main purpose of the proceeding—the collection of the purchase money—has been accomplished.

If, in this case, the collection has not been made, it is because of the *laches* of complainants, and through their *laches* in not only failing to collect, but in permitting the final order to be made, the purchaser may have been misled.

If we admit the purchase money has not been paid (and we think the facts stated do not authorize such admission), still the rule, that when one of two innocent persons must suffer, the loss must be borne by him whose conduct brought about the injury, applies with force in this case.

The decree is reversed, demurrer allowed and bill dismissed with costs.